948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Charles Dupree PORTER, Defendant-Appellee.
 No. 90-5526.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1991.
Decided Nov. 27, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Chief District Judge. (CR-89-265-G)
 Argued: Sandra Jane Hairston, Assistant United States Attorney, Greensboro, N.C., for appellant; William Otis Kneece, Columbia, S.C., for appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, Greensboro, N.C., for appellant; James H. Lengel, Columbia, S.C., C. Douglas Fisher, Hillsborough, N.C., for appellee.
 M.D.N.C.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, Circuit Judge, ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Porter pleaded guilty to engaging in an illegal gambling business in violation of 18 U.S.C. § 1955 (1988). In sentencing him, the district court departed downward from the guideline range. The government appeals the sentence. We find that the decision to depart was unreasonable, vacate the sentence imposed, and remand the case with instructions to impose a sentence consistent with this opinion.
 
 
 2
 Porter retired in 1988 after working for the South Carolina Department of Corrections for about eighteen years. His employment there was interrupted in 1975 when he was convicted in federal court of running a gambling operation. He received a sentence of eighteen months. Because this sentence was imposed within fifteen years of the current offense, two criminal history points were assigned for it, U.S.S.G. § 4A1.1(a), putting Porter in criminal history category II. His offense level was ten (reduced from twelve for acceptance of responsibility), and his guideline range was 8-14 months.
 
 
 3
 At the sentencing hearing, two officials of the South Carolina Department of Corrections testified that, in his position as Community Job Placement Coordinator for Campbell Work Release Center and Community Work Release Programs, Porter had been extremely helpful to many inmates by assisting them in finding employment on work release and on probation. A former district attorney also testified that Porter was a very likeable person who "really likes helping people."
 
 
 4
 The district court then sentenced Porter below the guideline range for the following reasons:
 
 
 5
 One, the reason that the Court is departing from the guidelines is the fact that the defendant has been helpful in placing others in employment after being housed or serving a sentence with the South Carolina Department of Corrections The Court thinks that the service rendered by you, Mr. Porter, was over and above your call of duty. The Court further departs on the basis of the attitude and cooperation of the defendant in this event and years prior to this event. The court imposed a term of three years probation with the condition that Porter be under house arrest for four months.
 
 
 6
 Whether a departure is warranted is reviewed under the two-prong test set out in United States v. Summers, 893 F.2d 63 (4th Cir.1990):
 
 
 7
 The first prong of the test initially requires a determination that a particular aggravating or mitigating circumstance was "not adequately taken into consideration by the Sentencing Commission." If the court determines that a circumstance was "not adequately taken into consideration," it must next engage in a fact-finding mission to determine if the circumstance is supported by facts in the particular case under consideration. Then, if the district court identifies one or more aggravating or mitigating circumstances "not adequately taken into consideration," it may depart from the sentencing guidelines range only if it further determines that because of the circumstance a sentence different from the guidelines sentence "should result." This second prong of the departure test requires the district court to determine whether the circumstance now identified and found to exist in the particular case is of sufficient importance and magnitude to justify a departure. 893 F.2d at 66.
 
 
 8
 The first mitigating factor relied on by the district court in deciding to depart was that Porter had helped many inmates obtain employment. Providing this assistance was, of course, his job. The guidelines specify that a defendant's employment record is "not ordinarily relevant in determining whether a sentence should be outside the guidelines." U.S.S.G. § 5H1.5; see also 28 U.S.C. § 994(e) (Sentencing Commission shall assure that guidelines reflect general inappropriateness of considering employment record). Although the district court stated that Porter had performed beyond the call of duty, the testimony of Porter's witnesses showed no more than that he had done his job, though he had done it effectively. No extraordinary circumstances were present, and thus a departure on this ground was unreasonable.
 
 
 9
 The second circumstance on which the district court relied was Porter's "attitude and cooperation ... in this event and in years prior to this event." A defendant's attitude toward his offense is not a factor which was overlooked by the Sentencing Commission. Porter received a two-level reduction in offense level for acceptance of responsibility in this offense under U.S.S.G. § 3E1.1. A further departure for the same reason could have been made but only if unusual circumstances were present which made the two-level reduction inadequate. U.S.S.G. § 5K2.0, p.s. None are apparent; indeed, the probation officer did not even recommend a reduction for acceptance of responsibility.* A departure on this basis was also erroneous. We therefore vacate the sentence imposed and remand for resentencing within the guideline range.
 
 
 10
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The reference to Porter's attitude and cooperation in the years before the offense is so vague that we can only speculate about what the district court meant